IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00083-KDB-DCK

| | |
|---|---|
| RAYCAP ASSET HOLDINGS LTD.; NOBLE BOTTLING, LLC, **Plaintiffs,** v. JORDANA WEBER; REINHART HOLDINGS, LLC; ARTHUR N. SHERMAN; JASON M. TORRES; AND NASAR ABOUBAKARE, **Defendants.** | <u>ORDER</u> |

**THIS MATTER** is before the Court on Defendant Aboubakare's Motion to Set Aside Entry of Default (Doc. No. 23), which Plaintiffs oppose. The Court has carefully reviewed the motion and considered the parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT** the Motion.

## I. BACKGROUND

This matter arises out of a business transaction between Plaintiffs and Reinhart Holdings LLC in which Reinhart was to lend Noble approximately $55 million for its formation and start-up. The loan agreement required Noble to provide a $2,765,000 deposit. To fund the deposit, Noble entered into a separate loan agreement with Plaintiff Raycap to obtain the $2,765,000, which was then transferred to a purportedly restricted bank account at Bank of America.

1

After Noble made the required deposit, Reinhart failed to timely fund the loan. Noble sent Reinhart formal demands to return the full deposit in accordance with the restricted bank account parameters. However, these demands failed and Noble never recovered the $2,765,000 deposit.

Plaintiffs allege that throughout communications between Noble and Mayfair Capital, which ostensibly represented Reinhart's principal "Mark Williams," Aboubakare, a financial advisor and broker, failed to: 1) disclose that Mayfair Capital was owned and operated by Jordana Weber, an alleged fraudster; 2) reveal that Mayfair Capital did not have any prior dealings with "Mark Williams" of Reinhart; and 3) disclose that Mayfair Capital did not perform any due diligence related to the investment source. Consequently, Aboubakare, acting in his capacity as an employee for Mayfair Capital, failed in his responsibility of due diligence to Noble.

On March 2, 2022, Plaintiffs filed their Complaint. Aboubakare was served with the Complaint by a FedEx delivery to his wife at his home on or about March 7, 2022. Aboubakare did not respond to the Complaint, and Plaintiffs filed a motion for entry of default against Aboubakare, which the Clerk of Court entered on June 6, 2022. On July 22, 2022, Aboubakare filed this motion to set aside the entry of default.

## II. DISCUSSION

Rule 55(c) of the Federal Rules of Civil Procedure allows the Court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). While "good cause" is not defined in Rule 55(c), when deciding whether to set aside an entry of default a district court should consider "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). The Court will address each of the six factors in turn.

2

Furthermore, because of the Court's "strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits," doubts about whether relief should be granted will be resolved in favor of setting aside the default. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *see Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

### a. Whether the Movant has a Meritorious Defense

To set aside a default, "'all that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party.'" *Davis v. Univ. of N.C. at Greensboro*, No. 1:19CV661, 2022 U.S. Dist. LEXIS 6245, at *4 (M.D.N.C. Jan. 12, 2022) (citing *Carter v. City of High Point*, No. 1:17CV148, 2017 U.S. Dist. LEXIS 147223, 2017 WL 4043751, at *3 (M.D.N.C. Sept. 12, 2017) (quoting *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)) (internal quotation marks omitted)). The moving party "need not prove his meritorious defense by a preponderance of the evidence." *See J & J Sports Prods., Inc. v. Argueta*, No. 1:12cv1329, 2013 U.S. Dist. LEXIS 159365, 2013 WL 5960859, at *2 (M.D.N.C. Nov. 7, 2013). Indeed, the "underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (internal quotation marks omitted) (alterations in original) (quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2697, p. 531 (2d ed. 1983)).

Here, Aboubakare argues that he has a meritorious defense because: 1) the Court lacks personal jurisdiction over him; and 2) Plaintiffs' Complaint fails to sufficiently allege their claims for negligence, fraud, negligent misrepresentation, and breach of fiduciary duties against him.

3

Plaintiffs, predictably, dispute Aboubakare's legal analysis. They maintain that the Court has personal jurisdiction over Aboubakare because he directed his allegedly tortious behavior at North Carolina. Plaintiffs also maintain they have alleged, with particularity, the necessary elements of their claims against Aboubakare. Specifically, that "the false representations [were] made by Defendant to Plaintiffs, that these misrepresentations were calculated, intended to, and did deceive Plaintiffs, for the benefit of Defendants, resulting in damages." (*See* Doc. No. 29).

Whatever the merits of these arguments are, the motion before the Court is not a motion to dismiss under Rule 12(b)(2) or 12(b)(6). Rather, it is a motion to set aside the entry of default. Consequently, determining which party would prevail on such a motion is not the relevant inquiry. The question is simply whether Aboubakare has met the low bar of showing "some possibility" of ultimate success. *Augusta*, 843 F.2d at 812. And Aboubakare has met this low bar. Aboubakare has shown that he has plausible arguments concerning personal jurisdiction and the merits of the claims against him which could lead to outcome contrary to the result achieved by the default. Accordingly, this factor weighs in favor granting the motion

   b. *Acted with Reasonable Promptness*

Whether a party has taken reasonably prompt action "'must be gauged in light of the facts and circumstances of each occasion.'" *Superior Performers, Inc. v. Thornton*, No. 1:20-cv-00123, 2020 U.S. Dist. LEXIS 189843 (M.D.N.C. Oct. 14, 2020) (quoting *Moradi*, 673 F.2d at 727). Aboubakare maintains that he learned of the default on or about June 6, 2022, and then engaged in efforts, through California counsel, to search, interview and retain local counsel qualified to represent him in this matter. Aboubakare argues that this prompt retention of counsel constitutes reasonable promptness.

4

Plaintiffs argue that Aboubakare's promptness should not only be judged from when he learned of the default but from when he was first served. It is undisputed that Aboubakare's wife received a FedEx package containing the Complaint and summons on or around March 7, 2022. Rather than retaining counsel, or in any way responding to the Complaint, Plaintiffs argue Aboubakare, due to his own confusion, chose to do nothing. Plaintiffs moved for entry of default approximately ninety days later. And again, despite learning about the motion on June 6, 2022, Aboubakare took no action for forty-nine days.

District courts in the Fourth Circuit have found that a defendant acted reasonably promptly when waiting seventeen, twenty-one, thirty-two, and thirty-eight days after default was entered before attempting to set it aside. *See J & J Sports Prods., Inc. v. Casillas,* No. 1:12-CV-5, 2013 WL 784544, at *7 (M.D.N.C. Mar. 1, 2013)*; United States v. $10,000.000 in United States Currency*, 2002 WL 1009734, *3 (M.D.N.C. Jan. 29, 2002); *Esteppe v. Patapsco & Back Rivers R.R. Co.*, 2001 WL 604186, *4 (D.Md. May 31, 2001); *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D.Md.2001).

Some courts have found even longer delays acceptable. *See e.g.*, *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 952-954 (4th Cir. 1987) (allowing case to proceed on the merits even though the moving party waited ten months after court entered default before moving to set aside default); *Vick v. Wong*, 263 F.R.D. 325, 330 (E.D. Va. 2009) (finding that reasonable promptness factor favored setting aside default where moving party did not respond for more than two months after clerk entered default but filed an affidavit 12 days after the motion for a default judgment was filed).;*United States v. Stover*, No. 3:20-cv-00579-RJC-DCK, 2021 U.S. Dist. LEXIS 159308, at *6 (W.D.N.C. Aug. 24, 2021) (finding that the defendants acted with reasonable promptness

5

when they moved to set aside entry of default approximately forty-nine days after the entry of default and three days after a motion for a default judgment).

While forty-nine days is certainly not expedient, Aboubakare still filed his motion within the generally accepted timeframe (particularly where no motion for default judgment has been filed) that establishes reasonable promptness. Accordingly, keeping in mind that all doubts about whether relief should be granted should be resolved in favor of setting aside the default, this factor weighs in favor of Aboubakare.

### c. *Personal Responsibility of Defaulting Party*

When determining the responsibility of the party for the default, the Fourth Circuit focuses on the "source of the default." *Davis*, No. 1:19CV661, 2022 U.S. Dist. LEXIS 6245, at *9. When the party's own action or inaction is the source of the default, this factor will weigh against setting aside the default. *Id*.

Aboubakare argues that he is not personally responsible for the default because he "did not personally receive any of the FedEx deliveries, as it was his wife that received and opened said packages." (Doc. No. 23-1). Plaintiff sent a letter dated March 4, 2022, without signature confirmation, which Aboubakare's wife received and opened. Aboubakare subsequently learned that Plaintiffs' counsel sought his "waiver of service of summons," which led him to believe that service had not been effectuated. Aboubakare contends that he then contacted California counsel, who engaged in several efforts to contact Plaintiffs' counsel, including through e-mail. However, Plaintiffs' counsel did not respond in anyway.

Plaintiffs retort that Aboubakare essentially concedes that he is personally responsible for the default. Aboubakare admits that he timely received the summons and complaint, even if he misunderstood the contents. While he may have contacted counsel, Aboubakare failed to file

6

anything with this Court for roughly four and a half months after receiving the summons and complaint.

Putting aside the circumstances of how and to whom the package was delivered, Aboubakare acknowledges that he was aware, in one way or another, of this matter in early March. While promptly seeking counsel is commendable, that fact alone does not absolve Aboubakare of failing to file anything with this Court for over four months. Simply put, Aboubakare was aware of Plaintiffs' action against him and failed to file a timely responsive pleading. Aboubakare therefore bears personal responsibility for the default, and thus this factor weighs against setting the default aside. However, this fact alone does not require denying Aboubakare's motion. *See Carter v. City of High Point*, No. 1:17CV148, 2017 U.S. Dist. LEXIS 147223, at *11 (M.D.N.C. Sep. 12, 2017).

### d. Prejudice to Plaintiffs

It is well established that delay alone does not constitute prejudice to the opposing party in the context of a motion to set aside an entry of default. *Colleton*, 616 F.3d at 418 (citation omitted). Additionally, no prejudice arises from losing a quick default-based victory. *See Davis, No. 1:19CV661, 2022 U.S. Dist. LEXIS 6245, at *11* (citing *United States v. Manriques*, Nos. 1:10CR440-1, 1:13CV444, 2013 U.S. Dist. LEXIS 146993, 2013 WL 5592191, at *5 (M.D.N.C. Oct. 10, 2013)). Rather, prejudice occurs when evidentiary issues arise, like that of "[a] missing witness in the case whose testimony was made unavailable by the delay, . . . any records made unavailable by the delay, . . . [or] any evidence for the plaintiff which could have been presented earlier, the presentation of which was prevented by the delay." *Lolatchy,* 816 F.2d at 952. Plaintiffs freely admit that they "are currently unaware of any loss of evidence or witness testimony that has

7

occurred on account of the Defendants' default." (Doc. No. 29 p. 11). Accordingly, this factor counsels setting aside the entry of default.

   e. *History of Dilatory Action*

History of dilatory action is generally examined "apart from the delay causing the default itself." *Superior Performers*, 2020 U.S. Dist. LEXIS 189843, 2020 WL 6060978, at *3 (citing *Colleton Preparatory*, 616 F.3d at 418). Again, Plaintiffs admit that there is no history of dilatory action from Aboubakare because he has, to this point, not participated in the case. (Doc. No. 29 p. 12). Therefore, this factor weighs in favor of setting aside the default.

   f. *Availability of Sanctions Less Drastic*

Lastly, both parties agree that there are less drastic sanctions available, specifically requiring Aboubakare to pay Plaintiffs' costs and expenses related to seeking default.[1] (*See* Doc. Nos. 23-1, 29). As a result, this factor supports setting aside the default entry.

### III.   CONCLUSION

In sum, having considered all the relevant factors the Court finds that there is good cause to set aside Defendants' entry of default under Rule 55(c).

---

[1] While the parties agree that there are less drastic sanctions available, that issue is not before the Court. Therefore, the Court will defer ruling on any sanctions until that question is properly before it in accordance with Local Rule 7.1(b).

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant Aboubakare's Motion to Set Aside Entry of Default, (Doc. No. 23), is **GRANTED**.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 15, 2022

Kenneth D. Bell
United States District Judge