IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00083-KDB-DCK

| | |
|---|---|
| RAYCAP ASSET HOLDINGS LTD AND NOBLE BOTTLING, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JORDANA WEBER; ET AL.,<br><br>Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiffs' Motion for Default Judgment against Defendants Reinhart Holdings LLC, Jason M. Torres and Jordana Weber[1] ("the Defendants"). (Doc. No. 47). The Court has reviewed the Motion and other relevant pleadings of record. For the reasons briefly discussed below, the Court will grant the Motion.

## I.  PROCEDURAL BACKGROUND

The Plaintiffs filed their complaint on March 2, 2022, which was amended on March 31, 2022. *See* Doc. Nos. 1, 11. The Defendants were properly served with the Complaint and Summons. *See* Doc. Nos. 6-8, 12, 15-17. Reinhart and Torres failed to answer or have an attorney make an appearance. Weber, through counsel, moved to dismiss for Lack of Jurisdiction and for Failure to State a Claim, which this Court denied. (Doc. Nos. 8, 28). Following the denial of her Motion to Dismiss, Weber's counsel moved to withdraw and for an extension of time to answer

---

[1] The motion was also filed against Defendant Arthur Sherman, who has now retained counsel that has made an appearance in the action. (Doc. No. 49). Mr. Sherman has filed a motion to set aside the entry of default against him. (Doc. No. 50).

1

the complaint. (Doc. Nos. 31, 32). The Court granted the motions and directed Weber to file her answer by September 6, 2022. (Doc. No. 33). Weber failed to answer or have an attorney make an appearance after the withdrawal of her initial counsel. Accordingly, an entry of Default has been entered against the Defendants. (Doc. Nos. 21-22, 45-46).

## II. LEGAL STANDARD

"Entry of default judgment is left to the discretion of the court." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Fed R. Civ. P. 55. Rule 55(b) "authorizes the entry of a default judgment when a Defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir.1982). When a defendant defaults, he admits the complaint's well-pleaded allegations of facts. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). That said, "[t]he defendant is not held . . . to admit conclusions of law," as "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan,* 253 F.3d at 780 (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). To determine whether to enter judgment on a defendant's default, the court examines whether the well-pleaded allegations in the complaint support the relief sought in the case. *Id.* There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206.

If the court determines that liability has been established, the court must then determine damages. *J & J Sports Prods., Inc. v. Romenski*, 845 F. Supp. 2d 703, 706 (W.D.N.C. 2012). Unlike allegations involving liability, allegations about damages are not treated as admitted by a defendant's default. *Lawbaugh*, 359 F. Supp. 2d at 422. "The court must make an independent determination regarding damages." *Romenski*, 845 F. Supp. 2d at 706. In determining damages,

the court may conduct an evidentiary hearing or rely on affidavits or documentary evidence in the record. *Id.*

### III. DISCUSSION[2]

The Plaintiffs' Complaint sets forth claims under North Carolina law against Reinhart, Torres, and Weber for: (1) Fraud (Doc. No. 11 ¶¶ 43-49, 62-71); (2) Conversion (Doc. No. 11 ¶¶ 50-54). As outlined above, Reinhart, Torres and Weber have failed to answer the Amended Complaint. The Court has reviewed the allegations in the Plaintiffs' Amended Complaint, which are well-pleaded and therefore taken as true and finds that the Plaintiffs have established these Defendants' liability on each of their claims. The Plaintiffs are, therefore, entitled to entry of a default judgment on each claim against Reinhart, Torres and Weber stated in their Amended Complaint.

Having determined that these Defendants are liable to the Plaintiffs, the Court must make a determination of the Plaintiffs' damages based on the record. As noted above, allegations about damages are not considered admitted by a defendant's default. *Lawbaugh*, 359 F. Supp. 2d at 422. However, here the damages analysis is straightforward. In support of their Motion the Plaintiffs have attached a bank statement showing the transfer of $2,765,000 from Raycap to Reinhart and the later withdrawal of those funds. (*See* Doc. No 48-1). The compensatory damages are therefore $2,765,000.

---

[2] This default judgment does not preclude the non-defaulting defendant, Nasar Aboubakare, from contesting the Plaintiffs' claims. *See The Mary*, 13 U.S. (9 Cranch) 126, 143, 3 L. Ed. 678 (1815) (Marshall, C.J.) ("[i]n the same cause, a fact, not controverted by one party, who does not appear, and therefore, as to him taken for confessed, ought not, on that implied admission, to be brought to bear upon another who does appear, does controvert, and does disprove it"); *see also Empire Fire & Marine Ins. Co. v. Pandt-Brown*, 322 F. Supp. 3d 694, 696 (E.D. Va. 2018).

Along with compensatory damages, the Plaintiffs also seek an award of $8,295,000 (three times the amount of compensatory damages) as punitive damages or the amount of punitive damages that the Court deems appropriate. Punitive damages may be awarded to "punish a defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts." N.C. Gen. Stat. § 1D-1. These damages are available if the plaintiff proves by clear and convincing evidence that fraud, malice, or willful or wanton conduct was present. N.C. Gen. Stat. § 1D-15(a)-(b). Punitive damages may be awarded only if "that person participated in the conduct constituting the aggravating factor giving rise to the punitive damages, or if, in the case of a corporation, the officers, directors, or managers of the corporation participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damages." N.C. Gen. Stat. § 1D-15(c).

The Defendants have admitted, through default, that they participated in fraud resulting in a loss to the Plaintiffs of $2,765,000.00, which gives rise to punitive damages. *See Sunbelt Rentals, Inc. v. Second Life Equip., LLC*, No. 520CV00070KDBDSC, 2022 WL 791416, at *1 (W.D.N.C. Mar. 14, 2022) (citing *Slattery v. AppyCity*, LLC, 2021 WL 1124059, at *11 (N.C. Bus. Ct. Mar. 24, 2021) (awarding punitive damages on a motion for default judgment based on the defendants' admission of fraud). As to the amount of punitive damages, North Carolina law provides that the award of punitive damages should bear "a rational relationship to the sum necessary to punish defendants for their egregiously wrong acts and to deter Defendants and others from committing similar wrongful acts, with a statutory maximum of $250,000 or three times the compensatory damages, whichever is greater." *See AppyCity, LLC,* 2021 WL 1124059, at *11 (citing N.C. Gen. Stat. § 1D-25). When determining punitive damages the Court must consider the defendant's ability to pay. *See* N.C. Gen. Stat. § 1D-35(2)(i). The serious and deliberate nature of these

4

Defendants' fraudulent scheme is undisputed. Moreover, there is no evidence concerning the Defendants' ability to pay the requested punitive damages award. The Court will therefore award the statutory maximum, $8,295,00, in punitive damages to punish these Defendants for their egregious conduct and deter others from committing similar acts.

## II. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiffs' Motion for Default Judgment (Doc. No. 47) is **GRANTED;**

2. Plaintiffs are awarded $2,765,000, jointly and severally, against Defendants Reinhart, Torres, and Weber, in compensatory damages; and

3. Plaintiffs are awarded $8,295,000, jointly and severally, against Defendants Reinhart, Torres and Weber, in punitive damages.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 21, 2023

Kenneth D. Bell
United States District Judge